**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MADELINE CORREA-DONES,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Criminal Action No. 22-CR-10031-AK-5<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER ON MADELINE CORREA-DONES' MOTION TO REDUCE SENTENCE PURSUANT TO USSC AMENDMENT 821**

**A. KELLEY, D.J.**

On July 23, 2024, Defendant Madeline Correa-Dones was sentenced to a term of imprisonment of 42 months, followed by 36 months of supervised release with mandatory and special conditions. [Dkt. 858]. On November 7, 2024, Ms. Correa-Dones filed a motion to reduce her sentence pursuant to an amendment to the United States Sentencing Guidelines, which took effect in 2023. [Dkt. 929]. For the following reasons, Ms. Correa-Dones' Motion to Reduce Sentence Pursuant to USSC Amendment 821 [Dkt. 929] is **DENIED**.

**I.   DISCUSSION**

In 2023, the United States Sentencing Commission formally adopted several Guideline amendments, with some to be applied retroactively, which took effect November 1, 2023. Among those amendments to be applied retroactively, and relevant to the instant motion, is the new Section 4C1.1, Adjustment for Certain Zero-Point Offenders, which provides for a decrease of two levels from the offense level determined under Chapters Two and Three at the time of the original sentencing if the person being sentenced meets all of the following criteria:

1

1) the defendant did not receive any criminal history points from Chapter Four, Part A;

2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3) the defendant did not use violence or credible threats of violence in connection with the offense;

4) the offense did not result in death or serious bodily injury;

5) the instant offense of conviction is not a sex offense;

6) the defendant did not personally cause substantial financial hardship;

7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);

10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and

11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2024).

Here, Ms. Correa-Dones requests a reduction of her sentence of 42 months imprisonment based on her status as a zero-point offender under Section 4C1.1. Of note, Ms. Correa-Dones' sentencing took place on July 23, 2024, several months after the Adjustment for Zero-Point Offenders took effect on November 1, 2023. Thus, it was found then, and again now, that Ms. Correa-Dones does not qualify as a zero-point offender. Although Ms. Correa-Dones has no

criminal history, she does not meet all of the criteria listed in Section 4C1.1.  Specifically, at her sentencing hearing, the Court imposed a two-level enhancement under Section 2D1.1(b)(1) for possession of a firearm.  As a result, Ms. Correa-Dones does not satisfy the seventh criterion under Section 4C1.1, which requires the defendant to not have a firearm or other dangerous weapon in connection with the offense.  U.S.S.G. § 4C1.1(a)(7).

Of note, even if Ms. Correa-Dones qualified for a retroactive reduction, her sentence would remain unchanged.

Section 1B1.10 of the Guidelines describes when and how courts should reduce the term of imprisonment based on the retroactive application of certain Guideline amendments that result in an amended guideline range, including the new Section 4C1.1.  U.S.S.G. § 1B1.10, 1B1.10(d).  Section 1B1.10(a)(1) refers to 18 U.S.C. § 3582(c)(2), which states, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

In deciding if a reduction in the term of imprisonment is appropriate, the Court must first determine the amended guideline range, substituting only the newly applicable amendment and leaving all other guideline applications in place.  U.S.S.G. § 1B1.10(b)(1).  Importantly, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."  Id. § 1B1.10(b)(2)(A).

After determining the amended guideline range, setting the floor for the reduction in the custodial term, the Court must "consider the factors set forth in 18 U.S.C. § 3553(a) in

determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described." Id. § 1B1.10 cmt. n.1(B)(i). Additionally, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and may consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." Id. § 1B1.10 cmt. n.1(B)(ii)-(iii).

At her sentencing hearing, Ms. Correa-Dones was found to be in Criminal History Category I with an offense level of 27, resulting in a guideline range of 70-87 months. As stated above, the Court sentenced Ms. Correa-Dones to 42 months. Yet, if the Court had found the firearm enhancement inappropriate and Ms. Correa-Dones subsequently qualified as a zero-point offender, her amended offense level would have been 23. An offense level of 23 and Criminal History Category of I result in a guideline range of 46-57 months. As a result, Ms. Correa-Dones' 42 month sentence is still below the floor set by the low-end of the amended guidelines, meaning Ms. Correa-Dones would be ineligible for a sentencing reduction, per Section 1B1.10(b)(2)(A).

## II.    CONCLUSION

For the foregoing reasons, Ms. Correa-Dones' Motion to Reduce Sentence Pursuant to USSC Amendment 821 [Dkt. 929] is **DENIED**.

**SO ORDERED.**

Dated: June 24, 2025                               /s/ Angel Kelley
                                                   Hon. Angel Kelley
                                                   United States District Judge